UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:01-cr-0041-TWP-DKL-1 |
| | ) | 1:02-cr-0042-TWP-DKL-1 |
| DEREK D. WELLS, | ) | 1:02-cr-0044-TWP-DKL-2 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On November 2, 2016, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on January 15, 2015.  Defendant Wells appeared in person with his appointed counsel Joseph Cleary.  The government appeared by Steve DeBrota, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Chris Dougherty.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Wells of his rights and ensured he had a copy of the petition.  Defendant Wells waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Wells admitted violation 1 of the Petition.

3. The allegations to which Defendant admitted, as fully set forth in the Petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons."** |

        The offender was released from the Bureau of Prisons, USP Atwater, California, on January 6, 2015. He was given a travel itinerary to travel by Greyhound bus, to arrive in Indianapolis, Indiana, at 7:35 p.m. on January 8, 2014 [sic]. The offender was directed to report to Wheeler Mission homeless shelter, as he refused other residential options. While in the BOP, the offender was presented with a waiver to modify his conditions of supervision to include a placement at residential re-entry center (RRC), so that he would have shelter and food upon his release from prison; however, he refused to sign the waiver. The offender stated he did not want to be under the rules of the RRC and would rather be homeless.

        The offender requested several relocation plans while in the Bureau of Prisons, two for the Central District of California, and two for the District of Nevada, all of which were denied or not processed due to incorrect information provided. On December 5, 2014, the offender's Bureau of Prisons case manager told this officer that the offender stated if he were forced to report to the Southern District of Indiana, he would immediately get on a bus and return to the Central District of California.

        The defendant was directed to call his probation officer immediately upon arriving in Indianapolis, however, no contact has been established. As of January 12, 2015, the offender has not checked into the Wheeler Mission, or made contact with the probation office. His whereabouts are unknown.

4. The parties did not dispute that:

    (a)    The highest grade of violation is a Grade C violation.

    (b)    Defendant's criminal history category is I.

    (c)    The range of imprisonment applicable upon revocation of supervised release, therefore, is 3 to 9 months' imprisonment.

5. The parties jointly recommended a sentence of 9 months with 51 months of supervised release to follow. Supervised release is to include residing at a residential reentry center for up to 180 days at the discretion of the probation officer.

The Magistrate Judge, having considered the factors west forth in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, and recommends that Defendant's that his supervised release be **REVOKED**, and that Defendant be sentenced to the custody of the Attorney General or his designee for a period of nine (9) months with fifty-one (51) months of supervised release to follow.  In addition to the mandatory conditions of supervision, the Magistrate Judge recommends that the following conditions of supervised release be imposed:

1. You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity.  You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in residence occupants, job positions, job responsibilities).  When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

    **Justification: Conditions 1-13 are administrative in nature and will enable the probation officer to effectively supervise the offender within the community.**

14. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

15. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

16. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month.  You shall not attempt to obstruct or tamper with the testing methods.

17. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

    **Justification: Conditions 14-17 are being recommended based on the offender's history of substance abuse.**

18. You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.

19. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including

the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

**Justification: Conditions 18-19 are being recommended based on the nature of the offender's criminal history and current offense.**

20. You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: Substance abuse testing. The probation officer shall determine your ability to pay and any schedule of payment.

21. You shall not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

    **Justification: This condition is being recommended to allow the probation officer the ability to monitor the offender's finances in an attempt to ensure compliance with payment schedules and employment requirements.**

22. You shall reside in a residential reentry center for a term of up to 180 days. You shall abide by the rules and regulations of the facility.

    **Justification: This condition is being recommended to give the offender a structured environment upon release from prison and give him access to employment and life skills training.**

23. You shall not be a member of a gang or associate with individuals who are members.

    **Justification: This condition is recommended based on the offender's prior involvement with a gang.**

24. You shall make a good faith effort to obtain a G.E.D. or high school diploma within the first two years of supervision.

    **Justification: This condition is recommended to give the offender a strong education base to aid in employment in the future.**

25. You shall pay any fine or restitution that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

Defendant reviewed the foregoing conditions and they were reviewed by Defendant and his attorney. Defendant, on the record, waived reading of the above-noted conditions of supervised release.

The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation. The Magistrate Judge recommends that the Court make a recommendation of placement at a facility close to Phoenix, Arizona.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated: 09 NOV 2016

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal